IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MD MURSALIN,

    Petitioner,

v.                                                                                                       No. 1:25-cv-00681-MIS-JMR

GEORGE DEDOS, Warden, Torrance County
Detention Facility, MARISA FLORES, Acting
Field Office Director, El Paso Field Office,
U.S. Immigration and Customs Enforcement,
TODD LYONS, Acting Director of Immigration
and Customs Enforcement, KRISTI NOEM
Secretary of the U.S. Department of Homeland
Security, and PAMELA JO BONDI, Attorney
General of the United States,

    Respondents.

## ORDER FOR SUPPLEMENTAL BRIEFING

THIS MATTER is before the Court on Respondents' Motion to Dismiss Petitioner's Writ of Habeas Corpus ("Motion"), ECF No. 16, filed September 17, 2025.[1] Petitioner's Opposition to Respondents' Motion ("Response"), ECF No. 20, was timely submitted to which Respondents filed a timely Reply, ECF No. 21. *See* ECF No. 17 (ordering expedited briefing). The Parties'

---

[1] The Motion was submitted by all Respondents save Respondent George Dedos who "is not a federal employee[;]" the moving Respondents nonetheless assert that all their arguments "apply with equal force to Warden Dedos, as he is detaining the Petitioner at the request of the United States." Mot. at 1 n.1. Respondent Dedos filed notices of joinder in Respondents' Motion and Reply. ECF Nos. 19, 22. Pursuant to Federal Rule of Civil Procedure 10(c) and local rule D.N.M.LR-Civ. 7.1(a), a party may adopt by reference another party's pleading or motion. Although Respondent Dedos failed to make reference to the filing dates of the Motion and Reply as required by this Court's local rules, the Court, in an effort to promote judicial economy, will consider the arguments in the Motion and Reply as applicable to Respondent Dedos. *See* D.N.M.LR-Civ. 7.1(a) (requiring a party adopting another party's motion or other paper to make "specific reference to the filing date and docket number of such motion or other paper"); *Hooten v. Ikard Servi Gas*, 525 F. App'x 663, 667 (10th Cir. 2013) ("[T]he purpose of Local Rule 7.1(a) is to promote judicial efficiency and economy by precluding the unnecessary filing of motions, responses, and orders." (internal quotation marks and citation omitted)). Petitioner and all Respondents are expected to respond to this Order so that each of the Court's questions are addressed.

briefings have raised significant questions for the Court. As such, the Parties shall **RESPOND TO** the following questions:

1. Why are the Forms I-860, Notice and Order of Expedited Removal, respectively submitted by Petitioner and Respondents different in form and, to an extent, content? *Compare* ECF No. 4 at 4-5, *with* ECF No. 16-1 at 3-4. The Court expects Respondents to answer and account for the discrepancies between the two versions.

2. How did Petitioner get his credible fear interview? Mot. at 4; Resp. at 8. Did Petitioner request it pursuant to the direction provided in Notice of Dismissal of Form I-589, letter dated June 12, 2025? *See* ECF No. 4 at 44.

3. Is Petitioner presently in Section 240 asylum proceedings and is the November 10, 2025 hearing part of his asylum application? *See* Mot. at 4, n.4.

**IT IS ORDERED** that the Parties shall respond to this Order no later than **Tuesday, October 14, 2025, at 12:00 p.m.** (MST).

                                               */s/ Margaret Strickland*
                                               **MARGARET STRICKLAND**
                                               UNITED STATES DISTRICT JUDGE