IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MD MURSALIN,

    Petitioner,

v.                                                      No. 1:25-cv-00681-MIS-JMR

GEORGE DEDOS, Warden, Torrance County
Detention Facility, MARISA FLORES, Acting
Field Office Director, El Paso Field Office,
U.S. Immigration and Customs Enforcement,
TODD LYONS, Acting Director of Immigration
and Customs Enforcement, KRISTI NOEM
Secretary of the U.S. Department of Homeland
Security, and PAMELA JO BONDI, Attorney
General of the United States,

    Respondents.

## **ORDER GRANTING MOTION TO DISMISS AND DISMISSING PETITION**

THIS MATTER is before the Court on Petitioner MD Mursalin's Petition for Writ of Habeas Corpus, filed July 21, 2025 ("Petition"), ECF No. 1, and Respondents' Motion[1] to Dismiss Petitioner's Petition, filed on September 17, 2025 ("Motion"), ECF No. 16. Petitioner's Opposition to Respondents' Motion ("Response"), ECF No. 20, was timely submitted and Respondents filed a timely Reply, ECF No. 21. *See* ECF No. 17 (ordering expedited briefing on Respondents'

---

[1] The Motion was submitted by all Respondents save Respondent George Dedos who "is not a federal employee[;]" the moving Respondents nonetheless assert that all their arguments "apply with equal force to Warden Dedos, as he is detaining the Petitioner at the request of the United States." Mot. at 1 n.1. Respondent Dedos filed notices of joinder in Respondents' Motion and Reply. ECF Nos. 19, 22. Pursuant to Federal Rule of Civil Procedure 10(c) and local rule D.N.M.LR-Civ. 7.1(a), a party may adopt by reference another party's pleading or motion. Although Respondent Dedos failed to refer to the filing dates of the Motion and Reply as required by this Court's local rules, the Court, in an effort to promote judicial economy, will consider the arguments in the Motion and Reply as applicable to Respondent Dedos. *See* D.N.M.LR-Civ 7.1(a) (requiring a party adopting another party's motion or other paper to make "specific reference to the filing date and docket number of such motion or other paper"); *Hooten v. Ikard Servi Gas*, 525 F. App'x 663, 667 (10th Cir. 2013) ("[T]he purpose of Local Rule 7.1(a) is to promote judicial efficiency and economy by precluding the unnecessary filing of motions, responses, and orders." (internal quotation marks and citation omitted)).

Motion). The Court ordered supplemental briefing to which the Parties[2] timely responded. ECF Nos. 24-28. The matters are now ripe for the Court's ruling. The Court, having reviewed all pleadings, motions, and supporting documents, and having determined that oral argument is unnecessary, will **GRANT** the Motion and **DISMISS** the Petition.

## BACKGROUND[3]

Petitioner, a Bangladesh national, entered the United States through Arizona on October 26, 2024, without valid entry documents or a visa. Pet. at ¶ 36; Resp. at 5; ECF No. 4 at 4. Petitioner was detained in Arizona on October 27, 2024, and claims that he "was never interviewed by a CBP officer and was never given the opportunity to indicate an intent to apply for asylum or a fear of future persecution."[4] Pet. at ¶¶ 36-37, 39. After being transferred to a detention facility in Georgia,

---

[2] Respondent Dedos submitted a Notice of Joinder to Federal Respondents' Reply to Court's Order for Supplemental Briefing and stated that he "had and has no involvement in the events at issue" in the Court's order for supplemental briefing "such that he has no information relevant to those issues." ECF No. 28 at 1. Respondent Dedos additionally informed the Court that he "is now the Warden of CoreCivic's Cibola County Correctional Center." ECF No. 28 at n.1. Nevertheless, because it remains that Defendant is detained in New Mexico at the Torrance Country Detention Facility operated by all other Respondents and because the Court dismisses the Petition, Respondent Dedos's transfer to a different facility has no bearing on the issues ruled on in this order. *See supra* at n.1; *cf. Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release.").

[3] This section is laid out chronologically based on the Parties' collective briefings to the Court. Some events have occurred since Petitioner brought his Petition, including his placement in ongoing section 240 proceedings. Petitioner challenges the expedited removal order dated October 27, 2024, and that is the basis of his habeas Petition.

[4] "Relative to section 240 removal, expedited removal lives up to its name." *Coal. for Humane Immigr. Rights v. Noem*, ___ F. Supp. 3d ___, 2025 WL 2192986, at *3 (D.D.C. Aug. 1, 2025), *appeal docketed*, No. 25-5289 (D.C. Cir. Aug. 11, 2025) (alterations, internal quotation marks, and citation omitted). In the expedited removal process, an immigration officer—not an immigration judge—oversees the initial factfinding on a noncitizen's removal. *Id.* (citing 8 C.F.R. § 235.3(b)(2)(i)). If the officer determines the noncitizen is eligible for expedited removal, the officer then asks questions to determine "(a) their 'identity, alienage, and admissibility,' and (b) whether they intend to apply for asylum, fear persecution or torture, or fear returning to their country of origin." *Id.* (quoting § 235.3(b)(2)(i)). No record or transcript is made of this encounter and there is no right to counsel during the officer's questioning. *Id.* If an officer determines the noncitizen is inadmissible and did not state an intention to apply for asylum or has a fear of persecution or torture, a Notice and Order of Expedited Removal is issued to which the noncitizen "may respond in a sworn statement." *Id.* (citing 8 C.F.R. § 235.3(b)(2)(i)). A noncitizen is "ordered removed" once a supervising officer reviews and signs off on the inspecting officer's determination and there is no right to appeal the decision. *Id.* Here, for different reasons and with no record to review the course of the exchange between immigration officials and Petitioner on his initial entry into the United States, the Parties nonetheless agree

on November 12, 2024, Petitioner was released on parole pursuant to § 212(d)(5)(A) of the Immigration and Nationality Act ("INA").[5] Pet. at ¶¶ 40-41; Resp. at 5; ECF No. 4 at 8.

Petitioner was instructed to appear for "a check-in" with U.S. Immigration and Customs Enforcement ("ICE") in New York on December 11, 2024, which he did. Pet. at ¶ 42; Resp. at 6; ECF No. 4 at 7. On December 26, 2024, Petitioner submitted a Form I-589 application for asylum. Pet. at ¶ 43; Resp. at 6. His next check-in with ICE was to be a mobile check-in on June 11, 2025; before the mobile check-in date, however, Petitioner was asked to instead appear in-person at the New York ICE Field Office. Pet. at ¶¶ 42, 44; Resp. at 6.

As directed, Petitioner appeared at the ICE Field Office in New York on June 11, 2025. Pet. at ¶ 44; Resp. at 6. Petitioner was then detained and informed his asylum application was denied, his parole[6] revoked, and that he was subject to an expedited removal order. Pet. at ¶ 44; Mot. at 3; Resp. at 6. On that day, Petitioner claims he received an unexecuted copy of Form I-860, Notice and Order of Expedited Removal dated October 27, 2024 ("Expedited Removal Order" or "ERO"). Pet. at ¶ 44; Decl. of William Shaw ("Shaw Decl."), ECF No. 27-1 at ¶ 3. Petitioner

---

that Petitioner did not indicate an intent to apply for asylum when he entered the country through Arizona in October of 2024. *See* Pet. at ¶ 39; Mot. at 3.

[5]   The Court will provide parallel citations to the U.S. Code where applicable by footnote or in text. The parallel citation to INA § 212(d)(5)(A) is 8 U.S.C. § 1182(d)(5)(A), which provides:

> The Secretary of Homeland Security may . . . in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

[6]   While Petitioner was "informed" of the revocation of his parole on June 11th, it was not until on or about August 14, 2025, that he received written notice of the revocation as required by 8 C.F.R. § 212.5(e)(2)(i). Mot. at 3 n.3; ECF No. 16-2 at ¶ 14.

3

was then transferred to the Torrance County Detention Facility in Estancia, New Mexico, where he is presently detained. Pet. at ¶ 45; ECF No. 16-2 at ¶ 12.

Since being in detention, Petitioner administratively challenged the ERO he received on June 11th but his request that the ERO be rescinded based on the lack of signatures was denied by the Tucson Sector of U.S. Customs and Border Protection. Pet. at ¶ 63; Resp. at 7; ECF No. 4 at 47. Petitioner subsequently filed a stay of removal which was denied on July 6, 2025 by ICE. Mot. at 3; Resp. at 7. Pursuant to instructions provided him in the notice of dismissal of his Form I-589 asylum application, Petitioner requested a credible fear interview with United States Citizenship and Immigration Services ("USCIS") and following his interview with USCIS a positive credible fear determination was made. Pet'r's Resp. to Ct.'s Order for Suppl. Briefing ("Pet'r's Suppl. Br."), ECF No. 25 at ¶¶ 2-4; Mot. at 4; Resp. at 8; Shaw Decl. at ¶ 4. Due to the positive credible fear determination, Petitioner is now in full INA section 240[7] removal proceedings. Pet'r's Suppl. Br. at ¶ 4; Mot. at 4; Shaw Decl. at ¶¶ 5-6.

Petitioner seeks a writ of habeas corpus challenging his detention and arrest by the United States Department of Homeland Security ("DHS") in New York on June 11, 2025, and his present detention at the Torrance County Detention Facility in Estancia, New Mexico "under color of an expedited removal order dated October 27, 2024[.]" Pet. at ¶ 1. Specifically, Petitioner alleges the ERO "is legally defective" because it "was never properly served on" him, it lacks the necessary signatures of immigration officers, and "fails to reflect any advisal or inquiry as to [Petitioner]'s intent to seek asylum, as required by 8 C.F.R. § 235.3(b)(2)(i) and 8 U.S.C. § 1225(b)(1)(A)(ii)." Pet. at ¶ 2. Petitioner seeks an order releasing him from custody, alleging his detention pursuant to the ERO he received on June 11th violates the Fifth Amendment right to due process (Count 1)

---

[7] 8 U.S.C. § 1229a.

4

and that the failure to rescind the ERO when challenged violates the Administrative Procedure Act ("APA") (Count 2). Pet. at ¶¶ 51-65; *id.* at 15-16.

Respondents insist Petitioner was served with a fully executed Form I-860, notice and order of expedited removal, in Arizona on October 27, 2024, and move to dismiss the Petition on three grounds: (1) lack of subject matter jurisdiction; (2) Petitioner is "an 'arriving alien[8]' under § 1225(b)(2)(A)" so there is no violation of due process; and (3) Petitioner has failed to state a claim under the APA or other legal authority upon which relief can be granted. Mot. at 2-3; ECF No. 16-1; Reply at 2, 4-5. Respondents produced an executed copy of the October 27, 2024 ERO that is signed by the inspecting and supervising officer, and that is stamped with an indication that Petitioner "Refused to Sign" the copy. ECF No. 16-1 at 3-4 ("Respondents' ERO").

Petitioner contends "habeas jurisdiction exists under 28 U.S.C. § 2241 and the narrow review permitted by 8 U.S.C. § 1252(e)(2), because the central question is whether DHS lawfully issued and served a valid expedited removal order, not whether the underlying inadmissibility determination was correct." Resp. at 4. Petitioner further asserts his detention "cannot be justified under 8 U.S.C. § 1225(b)" because he is not an "arriving alien" and that he has stated claims for relief based on the lack of valid ERO. *Id.* at 4-5, 18.

Respondents maintain their assertion that in Arizona on October 27, 2024, Petitioner was served a fully executed and signed notice and order of expedited removal, and that even if he had not been so served, Petitioner would still be legally designated as an "arriving alien" subject to § 1225 detention and therefore Petitioner has failed to state claims for relief. Reply at 2-5; ECF No. 16-1.

---

[8] The relevant statutes refer to noncitizens as aliens. The Court uses the term "noncitizen" instead of "alien," unless quoting from the Parties or the statutory language.

Following the completion of the Parties' briefings on the Motion, the Court ordered Respondents to answer, in relevant part, the following question:

> Why are the Forms I-860, Notice and Order of Expedited Removal, respectively submitted by Petitioner and Respondents different in form and, to an extent, content? *Compare* ECF No. 4 at 4-5, *with* ECF No. 16-1 at 3-4. The Court expects Respondents to answer and account for the discrepancies between the two versions.

ECF No. 24 at 2. Respondents produced the Declaration of William Shaw, the Assistant Field Office Director with DHS, ICE, and Enforcement and Removal Operations assigned to the Albuquerque Sub-Office and who stated the following based on his "personal knowledge" and "review of information obtained from" other DHS employees, government databases maintained by DHS, "and other documents related" to Petitioner's case:

> On June 11, 2025, [Enforcement and Removal Operations] in New York took Mursalin into custody to execute his Expedited Removal order to Bangladesh. [Enforcement and Removal Operations] officers in New York served Mursalin with an I-200, Warrant of Arrest. Petitioner contends that on this date, he received an unexecuted I-860, Notice of Expedited Removal. However, my review of the records does not reflect that [Enforcement and Removal Operations] in New York served him with a copy of the expedited removal document. But it is probable that if [Enforcement and Removal Operations] in New York intended to give Mursalin a courtesy copy of the I-860, Notice of Expedited Removal, they incorrectly provided him with an unsigned draft located in the A-file.

ECF No. 27-1 at ¶¶ 1-3.

There is no dispute that Petitioner is presently in full removal proceedings pursuant to section 240 of the INA, 8 U.S.C. § 1229a. Pet'r's Suppl. Br. at ¶¶ 4-5; Shaw Decl. at ¶¶ 5-6.

## LEGAL BACKGROUND

Federal courts have jurisdiction to review habeas petitions filed by immigration detainees who assert that they are "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Jurisdiction is proper in the venue in which the detainee is detained. *Gamez Lira v. Noem*, No.

1:25-cv-00855-WJ-KK, 2025 WL 2581710, at *2 (D.N.M. Sep. 5, 2025) ("The Supreme Court has held that habeas relief is available only in the district of confinement." (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004))). Under 8 U.S.C. § 1252(e)(5), a district court is restricted on habeas review from evaluating any questions related to an order for expedited removal outside of three inquiries listed in § 1252(e)(2): (1) whether the petitioner is an alien; (2) whether a § 1252(b)(1) removal order was issued; and (3) whether the petitioner is a lawful permanent resident, refugee, or asylee. *Vaupel v. Ortiz*, 244 F. App'x 892, 895 (10th Cir. 2007). The court's inquiry in determining whether an immigrant has been ordered removed "shall be limited to whether such an order in fact was issued and whether it related to the petitioner. There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal." 8 U.S.C. § 1252(e)(5) (defining the scope of the court's inquiry). Furthermore, there is no jurisdiction to review "any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1)[.]" *Id.* § 1252(a)(2)(A)(i).

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a respondent may raise the defense of the court's "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). A facial attack "questions the sufficiency of the complaint[,]" and when "reviewing a facial attack . . . a district court must accept the allegations in the complaint as true." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425, 437 (2001). "In reviewing a factual attack, a party may go beyond allegations contained in the complaint and challenge the

7

facts upon which subject matter jurisdiction depends, which does not allow a reviewing court to presume the truthfulness of the complaint's factual allegations." *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015) (internal quotation marks and citation omitted). "Instead, it gives the court wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Id.* (internal quotation marks and citation omitted).

## ANALYSIS

As noted, § 1252(e)(2) permits a limited judicial review in habeas proceedings over § 1225(b)(1) expedited orders for removal. Thus, whether the Court has subject-matter jurisdiction over the Petition turns on the statutory basis of Petitioner's detention. For the reasons set forth below, the Court determines Respondent was initially and is presently detained pursuant to § 1225(b)(1). As such, the Court has limited jurisdiction to answer the inquiry permitted by § 1252(e)(2) but has no jurisdiction over Petitioner's claims against Respondents.

### I.   The Question of Petitioner's Detainment

The Parties disagree on the statutory basis for Petitioner's detention. Respondents claim that Petitioner's detention is lawful under § 1225 and comports with due process, Mot. at 2, 5-7, while Petitioner argues his detention is pursuant to § 1226 and that he is thus entitled to a bond hearing, Resp. at 4-5, 18. The Court must determine whether Petitioner was initially detained pursuant to §§ 1225 or 1226. *See Maldonado v. Cabezas*, Civil Action No. 25-13004, 2025 WL 2985256, at *4 (D.N.J. Oct. 23, 2025) (relying on DHS's prior classification of habeas petitioner to conclude petitioner was subject to discretionary detention under § 1226(a) because the day petitioner entered the United States DHS issued a notice of custody determination indicating its authority to detain petitioner under § 1226(a) "pending a final administrative determination" of her immigration case).

Immigration detention is governed by two statutory sections: 8 U.S.C. §§ 1225 and 1226. Section 1225 "authorizes the Government to detain certain aliens seeking admission into the country[,]" while § 1226 "authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings," including noncitizens "who were inadmissible at the time of entry." *Jennings v. Rodriguez*, 583 U.S. 281, 288-89 (2018) (alterations, internal quotation marks, and citations omitted). Applicants for admission who are "determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation" are covered by § 1225(b)(1). *Id.* at 287 (internal quotation marks and citation omitted).

The record and evidence submitted by Petitioner demonstrates that Petitioner entered the United States "at or near Sasabe, Arizona" on October 26, 2024, without valid entry documents. Pet. at ¶ 36; Resp. at 5; ECF No. 4 at 4. Petitioner explicitly asks this Court to determine, under § 2241 and 8 U.S.C. § 1252(e)(2), whether Petitioner "was in fact ordered removed" because "DHS failed to serve and execute Form I-860 in accordance with 8 C.F.R. § 235.3(b)(2)(i)." Resp. at 9, 11. There being no dispute that Petitioner seeks judicial review of an expedited order of removal—Form I-860—under § 1225(b)(1), the Court finds that Petitioner was initially detained pursuant to § 1225(b)(1). *See infra* § II; *Jennings*, 583 U.S. at 289; *see also* § 1252(e) (providing for "Judicial review of orders under section 1225(b)(1)").

When a § 1225(b)(1) applicant for admission applies for asylum and a positive credible fear determination is made, "the alien shall be detained for further consideration of the application for asylum." *Id.* (quoting § 1225(b)(1)(B)(ii)). Such detention "must continue until immigration officers have finished considering the application for asylum[.]" *Id.* at 299 (citation modified); *Matter of M-S-*, 27 I & N Dec. 509, 511 (U.S. Att'y Gen. 2019) (stating the INA "provides for the detention of aliens originally placed in expedited removal" and that noncitizens found to have a

9

credible fear "shall be detained for further consideration of the application for asylum" (internal quotation marks and citations omitted)). "Aliens physically allowed within the borders of the United States pending a determination of admissibility are considered to be detained at the border, and hence, as never having effected an entry into this country and not having any constitutional rights with respect to their applications for admission." *M.S.P.C. v. U.S. Customs and Border Prot.*, 60 F. Supp. 3d 1156, 1168 (D.N.M. 2014) (citing *Am. Immigr. Lawyers Ass'n v. Reno*, 18 F. Supp. 2d 38, 58-59 (D.D.C. 1998)); *Matter of Q. Li, Respondent*, 29 I. & N. Dec. 66, 70 (B.I.A. May 15, 2025) ("[A]n alien detained under section 235(b) who is released from detention pursuant to a grant of parole under section 212(d)(5)(A), and whose grant of parole is subsequently terminated, is returned to custody under section 235(b) pending the completion of removal proceedings.").

Despite being placed in full section 240 removal proceedings, Petitioner remains subject to mandatory detention pursuant to § 1225(b)(1)(B)(ii) until the completion of his claim for asylum. *Jennings*, 583 U.S. at 287, 299. The Court finds that it is precluded from issuing any of the relief requested in the Petition, including a release from detention. *See Matter of M-S-*, 27 I. & N. Dec. at 516-17 (concluding that the only possibility for release available to noncitizens detained pursuant to § 1225(b)(1)(B)(ii) is a discretionary grant of parole by the Department of Homeland Security for "urgent humanitarian reasons or significant public benefit" pursuant to 8 U.S.C. § 1182(d)(5)).

## II. The Court Finds it has Habeas Jurisdiction to Answer the Limited Inquiry Permitted by 8 U.S.C. § 1252(e)(2)

Respondents argue this Court lacks subject matter jurisdiction to consider Petitioner's habeas petition and urges the Court to dismiss the Petition because "Petitioner does not contest he is an alien, does not contest that he was ordered removed and does not contend that he was lawfully admitted or has been granted asylum." Mot. at 11-12. Respondents claim that Petitioner's "only

10

contention is that he was not properly *served* a fully executed copy of the removal order on October 27, 2024." *Id.* at 11. Petitioner maintains habeas jurisdiction exists under § 2241 and 8 U.S.C. § 1252(e)(2) to review whether Petitioner "was in fact ordered removed" because "DHS failed to serve and execute Form I-860 in accordance with 8 C.F.R. § 235.3(b)(2)(i)." Resp. at 9, 11. In Reply, based on the evidence provided in support of their Motion, Respondents assert "[t]here can be no reasonable dispute that Petitioner was served a fully executed Form I-860 on October 27, 2024." Reply at 2.

Because Petitioner is presently in custody pursuant to 8 U.S.C. § 1225(b)(1) in the United States in the District of New Mexico, the Court finds that it has jurisdiction to answer the question in the limited review permitted by statute. *See United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986) ("A § 2241 petition for a writ of habeas corpus must be addressed to the federal district court in the district where the prisoner is confined."); *Vaupel*, 244 F. App'x at 895.

> Judicial review of any determination made under [8 U.S.C. §] 1225(b)(1) . . . is available in habeas corpus proceedings, *but shall be limited to* determinations of—
>
> (A) whether the petitioner is an alien,
>
> (B) whether the petitioner was ordered removed under such section, and
>
> (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee . . . , or has been granted asylum[.]

8 U.S.C. § 1252(e)(2) (emphasis added). The scope of this inquiry is "limited to whether such an order was issued and whether it related to the petitioner." *Id.* § (e)(5).

There is no dispute that Petitioner is an alien and that on October 27, 2024, he had no authority to be in the United States as a lawful permanent resident, refugee, or asylee. *See* Pet. at ¶ 36; Resp. at 5; ECF No. 4 at 4. As noted, Petitioner is presently in full removal proceedings and his claim for asylum and the question of his removability will be determined in those proceedings.

11

*See* Shaw Decl. at ¶ 6; Pet'r's Suppl. Br. at ¶¶ 4-5; *see also* 8 U.S.C. §§ 1229a, 1158; 8 C.F.R. § 208.30(f).

The Court considers the dueling copies of the ERO respectively brought forth by the Parties for the limited purpose of assessing whether Petitioner was ordered removed under § 1225(b)(1). Petitioner has provided a copy of the ERO dated October 27, 2024 that he claims to have received on June 11th and that lacks relevant signatures. ECF No. 4 at 4-5. Respondents' ERO is electronically signed with corresponding electronic timestamps dated October 27, 2024, by immigration officials and stamps that otherwise indicate that Petitioner "Refused to Sign" the Form I-860. ECF No. 16-1 at 3-4. Both Petitioner's ERO and Respondents' ERO mark that Petitioner was deemed inadmissible to the United States under INA § 212(a)(7)(A)(i)(I)[9] as permitted by 8 U.S.C. § 1225(b)(1). ECF No. 4 at 4; ECF No. 16-1 at 3.

Respondents further provided the Declaration of Assistant Chief Patrol Agent David Letourneau who states:

> On October 27, 2024, Petitioner was served with Form I-860 Notice and Order of Expedited Removal/Determination of Inadmissibility which was signed by Border Patrol Agent (BPA) Sergio R. Garcia. *See* Exhibit 1. The Form I-860 included an Order of Removal Under Section 235(b)(1) of the Act which was signed by BPA Sergio R. Garcia and Acting Patrol Agent in Charge Jason B. Crawford. Petitioner refused to sign the document when served.

ECF No. 16-1 at 1-2, ¶ 7. Finally, Respondents answered the Court's question with regard to the discrepancies between the two versions of the ERO, attributing the ERO alleged to have been received by Petitioner on June 11, 2025, as a "draft" version intended to serve as a "courtesy copy" to Petitioner. ECF No. 27-1 at ¶¶ 1-3.

Respondents have provided evidence demonstrating and explaining, to a limited degree, that an order of expedited removal pursuant to § 1225(b)(1) "was issued" and is "related to the

---

[9] 8 U.S.C. § 1182.

petitioner." *See* 8 U.S.C. § 1252(e); *Vaupel*, 244 F. App'x at 895 (affirming the district court's recognition of "the limited scope of its jurisdiction to review" an expedited removal order when it "considered only whether [the petitioner] is an alien, whether he was ordered removed under § 1225(b)(1), and whether he could prove he was [a lawful permanent resident], had been admitted as a refugee, or had been granted asylum"). The Court thus finds Petitioner is an alien who, on October 27, 2024, did not have authority to enter into the United States as a lawful permanent resident, refugee, or asylee, and an expedited removal order was in fact issued against Petitioner. Therefore, Petitioner is not entitled to relief under § 2241.

### III.  The Court Lacks Jurisdiction over Petitioner's Due Process and APA Claims

In Count 1, Petitioner claims his continued detention based on the unsigned ERO and alleged agency-failures to place him in section 240 proceedings[10] or refer him to a credible fear interview, "[d]espite presenting a facially valid asylum application and credible evidence of a fear of persecution based on his sexual identity," constitute "procedural deficiencies" that amount to violations of due process. Pet. at ¶¶ 54, 57. In Count 2, Petitioner asserts a claim under the APA based on the issuance of the unsigned ERO as "not in accordance with law" for the agency's alleged failure "to comply with 8 C.F.R. § 235.3(b)(2)(i), which requires that the noncitizen be advised of the charges, given an opportunity to respond, and served with the order, all under supervisory review." *Id.* at ¶ 62.

No court has jurisdiction to review "any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1)[.]" 8 U.S.C. §

---

[10]  The Court notes further that because Petitioner is no longer in expedited removal proceedings, the Respondents' ERO will likely not serve as the removal vehicle for Petitioner, if at the conclusion of his section 240 proceedings, the immigration judge rules that Petitioner is to be removed. *See Coal. for Humane Immigr. Rights*, 2025 WL 2192986, at *22 (concluding that the plain language of § 1225(b) "forbids the expedited removal of noncitizens who have been, at any point in time, paroled into the United States").

1252(a)(2)(A)(i). Here, both counts brought by Petitioner arise "from the implementation or operation of the expedited removal order." *See Turgerel v. Mukasey*, 513 F.3d 1202, 1205 (10th Cir. 2008). As such, the Court finds that it does not have jurisdiction to review Petitioner's due process and APA claims. *See id.* (concluding the court lacks jurisdiction to review claims of error or causes related to a prior expedited removal order); *Vaupel*, F. App'x at 895 (noting there is no "exception in § 1252(e) providing authority to review constitutional claims related to the application of § 1225(b)(1)"); *see also* 8 U.S.C. § 1252(a)(2)(A)(i); *Lorenzo v. Mukasey*, 508 F.3d 1278, 1281 (10th Cir. 2007) (holding under § 1252(e) there was no jurisdiction to review statutory or constitutional claims related to an underlying expedited removal order). The Court thus grants the Motion to dismiss for lack of jurisdiction over Counts 1 and 2.

## CONCLUSION

IT IS THEREFORE ORDERED that:

1. Respondents' Motion to Dismiss Petitioner's Writ of Habeas Corpus, ECF No. 16, is **GRANTED**;

2. The Petition for Writ of Habeas Corpus, ECF No. 1, is **DISMISSED**;

3. A Certificate of Appealability **SHALL NOT ISSUE**; and

4. This case is now closed.

*/s/ Margaret Strickland*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE